[File No. 6340.]

HETTINGER COUNTY, a Municipal Corporation, Appellant, v.
STARK COUNTY, a Municipal Corporation, and Frank Hipp,
Respondents.

(260 N. W. 698.)

Opinion filed May 6, 1935.

*J. K. Murray,* State's Attorney, for appellant.
*Theodore Kellogg,* State's Attorney, for respondents.

MORRIS, J.   George Hipp and his family consisting of his wife and
four boys had a legal settlement in Hettinger county, North Dakota,
on March 8, 1933.   On that date they moved to Stark county where
they rented a farm.   He has never received poor relief.   His youngest
child, Frank Hipp, about fifteen years of age, is crippled.   In January,

1934, George Hipp applied to the county commissioners of Stark county for assistance in caring for his crippled son. The county commissioners of Stark county thereupon instituted removal proceedings against George Hipp seeking to remove him and his family to Hettinger county. On February 13th, 1934, after hearing had, the district court entered an order whereby the court found that George Hipp was a resident of Hettinger county. Said order was addressed to the sheriff of Stark county and directed him to "forthwith transport and remove the said George Hipp from Stark county to Hettinger county, North Dakota, together with the family and personal effects of said person pursuant to the authority of this order."

Pursuant to the order of removal, the sheriff of Stark county took George Hipp and the crippled boy to the county seat of Hettinger county and left them there. The authorities of Hettinger county took care of them over night and the next day took them back to the farm occupied by the Hipp family in Stark county. The other members of the family and their property remained on the farm in Stark county. On February 16th, 1934, George Hipp made a verified application in writing to the district court for the care of his crippled son pursuant to § 2528A, Supplement to 1913 Compiled Laws. The court thereupon entered an order directing the juvenile probation officer to make an investigation and report to the court. Upon receiving the report, the court issued a summons in the nature of an order to show cause, addressed to the state's attorney and the chairman of the board of county commissioners of Hettinger county, and George Hipp, requiring them to show cause "why the above named indigent, crippled child should not be committed by the court to the state board of administration, or other officer or agency having charge of child welfare in the state, or some other suitable person, organization or agency, for the purpose of securing for the said indigent, crippled child the treatment necessary and appropriate to said child's condition in a hospital within this state; and why the county of Hettinger, state of North Dakota, should not be required to pay the hospital and transportation expenses incident to such care." The order was returnable March 16th, 1934 in the city of Hettinger, Adams county, North Dakota. The hearing thereon was eventually had on June 2nd, 1934. Both Hettinger and Stark counties were represented by counsel. A number of witnesses,

including George Hipp, testified at the hearing. At the close of the case, counsel for Hettinger county moved for dismissal of the case upon the ground that the court did not have jurisdiction of all of the parties including Hettinger county.. The court overruled the motion and an order was entered providing for transportation and hospitalization of the crippled child, Frank Hipp, at the expense of Hettinger county from which order this appeal is taken.

The record discloses two proceedings. The first is a proceeding between Stark county and George Hipp resulting in the order of removal. Hettinger county was not a party to this proceeding and the findings of the court therein are not binding upon Hettinger county. However, the findings and order are binding on George Hipp and since he has not appealed, they are conclusive as to his residence as far as he is concerned, and he cannot, by staying in Stark county in violation of the order, acquire further claim to residence therein than he possessed at the time that the order was made.

The second proceeding was instituted upon the verified written application of George Hipp, wherein he stated that he was a resident of Hettinger county. The application cannot be considered a model pleading but it is sufficient to invoke the jurisdiction of the district court of Hettinger county under § 2528A, Supplement 1925 to the 1913 Compiled Laws. Even were this not so, Hettinger county has waived any objection which it might have to the jurisdiction of the court by appearing generally and participating in the hearing.

The relief provided for by § 2528A, Supplement to 1913 Compiled Laws, is in the nature of poor relief. Poor relief generally, is provided for under chapter 97, Session Laws 1933. Section 2528A provides a special form of relief for a class of persons for whom general relief would be inadequate. The welfare of the state requires that as many as possible of its citizens be self-supporting. A crippled child is handicapped not only as a child, but unless the disability is removed, the handicap will continue throughout life. The legislature has, therefore, seen fit to provide means whereby steps may be taken to remove the disability of the crippled child, where the parents or guardian of such child are unable to furnish treatment. Since the relief afforded under this Section is in the nature of poor relief, questions of residence arising thereunder must be determined according to the law

determining the residence of poor relief applicants. See chapter 97, Session Laws 1933, ¶ 4.

George Hipp made his application for the support of his crippled child on February 16th, 1934 which was less than one year from the date on which he moved from Hettinger county. His residence and that of his son will be determined as of the date of the application. The appellant questions the right of the court in this proceeding to determine the place of residence of the crippled child. His place of residence is one of the material matters here involved. The facts heretofore set out were developed at the hearing upon the application of George Hipp. It is undisputed that George Hipp had a legal residence in Hettinger county before moving to Stark county, and that he made the application for relief of his crippled son within a year after he moved to Stark county. His legal settlement for poor relief purposes at the time he made the application was in Hettinger county. Ward County v. Ankenbauer, ante, 220, 257 N. W. 474. The residence of the crippled child, Frank Hipp, being the same as that of his father, the trial court correctly determined that Hettinger county was liable for the transportation and hospital expenses of Frank Hipp upon proper certification to and approval by the court.

Affirmed.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ. concur.